B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> JACK R. ARUTE, III | **DEFENDANTS** <br> STATE OF CONNECTICUT DEPARTMENT OF REVENUE SERVICES |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> GOLDSMITH, KATZ & ARGENIO, P.C. <br> 1350 Main Street, 15th Floor, Springfield, MA 01103 <br> Tel. (413) 747-0700 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor ☐ Other <br> ☐ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> This is a Complaint brought by the Plaintiff/Debtor, JACK R. ARUTE, III, pursuant to 11 U.S.C. §523, to Determine the Discharge of the Debtor's State of Connecticut Income Tax Debt for the years 2005, 2006 and 2007. ||

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☑ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought ||

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JACK R. ARUTE, III | BANKRUPTCY CASE NO.<br>12-31558-HJB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Springfield | NAME OF JUDGE<br>Henry J. Boroff |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE<br>January 9, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>JONATHAN R. GOLDSMITH | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>JACK R. ARUTE, III<br><br>        Debtor<br><br>JACK R. ARUTE, III<br><br>        Plaintiff<br>v.<br><br>STATE OF CONNECTICUT<br>DEPARTMENT OF REVENUE<br>SERVICES<br>        Defendant | Chapter 7, No. 12-31558-HJB<br><br><br><br><br>A.P. No. |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

This is a Complaint brought by the Plaintiff/Debtor, JACK R. ARUTE, III, pursuant to 11 U.S.C. §523, to Determine the Discharge of the Debtor's State of Connecticut Income Tax Debt for the years 2005, 2006 and 2007.

## PARTIES

1.      The Plaintiff, JACK R. ARUTE, III ("Debtor" or "Plaintiff"), is an individual residing at 342 Southwick Road, Apartment 104, Westfield, Massachusetts 01085.

2.      The Defendant, STATE OF CONNECTICUT, DEPARTMENT OF REVENUE SERVICES ("DRS" or "Defendant"), is a state agency so designated by the State of Connecticut, with a principal address at Connecticut Department of Revenue Services, Collection and Enforcement Division/Bankruptcy Unit, 25 Sigourney Street, Suite 2, Hartford, CT 06106-5032.

## JURISDICTION AND VENUE

3.      This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. §157(b)(2)(I) and 28 U.S.C. §1334(b), arising under §523 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001(6) of the Federal Rules of Bankruptcy Procedure insofar as it is a proceeding to determine the dischargeability of a debt.

4.      Venue is proper in this District and in this Court pursuant to 28 U.S.C. §1409(a).

## FACTS

5.      On or about October 16, 2012, the Debtor filed a Voluntary Petition (the "Petition") with this Court seeking protection under Chapter 7 of the United States Bankruptcy Code.

6.      The Defendant is a creditor of the Debtor, and is listed in the Petition Schedules accordingly as an unsecured, non-priority creditor.

7.      The Debtor owes the Defendant approximately Forty-Nine Thousand Thirty-Five and 30/100 ($49,035.30) Dollars for income taxes for the years 2005, 2006 and 2007, including accrued interest and penalties. (A copy of the State of Connecticut, Department of Revenue Services Income Tax Status Letter for the Debtor is attached hereto as Exhibit "A").

8.      The Debtor filed his Petition for bankruptcy relief more than three years after each of the dates which the Debtor's Connecticut income tax returns were due to be filed for the years at issue. (Exhibit "A").

9.      The Debtor filed his Connecticut Income Tax Returns for each of the years at issue more than two years prior to the date the Debtor filed his Petition for bankruptcy relief. (Exhibit "A").

10. Any and all assessments made against the Debtor by the Connecticut Department of Revenue Services were made more than 240 days prior to the date the Debtor filed his Petition for bankruptcy relief. (Exhibit "A").

11. The Debtor's debt to the Defendant meets each of the criteria for discharge set forth in 11 U.S.C. §507(a)(8).

12. The Debtor's debt to the Defendant is a dischargeable obligation and does not fall within an exception to discharge set forth in 11 U.S.C. §523.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff/Debtor respectfully requests that this Honorable Court:

1. Enter Judgment that the debt owed by the Debtor to the Defendant for the years 2005, 2006 and 2007 are forever discharged, with all due legal affects as set forth in 11 U.S.C. §524;

2. Grant such other and further relief as may be just and proper.

JACK R. ARUTE, III

By: _____
JONATHAN R. GOLDSMITH
(BBO No. 548285)
GOLDSMITH, KATZ & ARGENIO, P.C.
1350 Main Street, 15th Floor
Springfield, MA  01103
Tel. (413) 747-0700
Fax (413) 781-3780

3

# EXHIBIT "A"

  

# STATE OF CONNECTICUT
## DEPARTMENT OF REVENUE SERVICES

November 30, 2012

Jack Arute III                          **T/P SERVICES**
342 Southwick Rd Apt 104
Westfield MA 01085

RE: 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

Dear: Mr. Arute

Based on the information currently available, the Department's records indicate that for taxable years 2003 through 2008 all Connecticut income tax returns that were required to be filed have been filed. As of the date of this letter, there is a Connecticut income tax liability in the amount of $49,035.30 for taxable years 2005, 2006 and 2007 for the above referenced social security number(s).

In writing this letter, the Department is **not** making a representation that it has conducted an audit examination and concluded that the information you reported on your Connecticut Income tax return is correct. The Department, in the future, may determine that the information you reported is incorrect and, to the extent allowed by law, may make an assessment against you.

Very truly yours,

*Melvin Jones*

Melvin Jones
Lead Consumer Information Representative
Taxpayer Services Division
Dept. of Revenue Services

MJ